UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ROBERT H. AJAMIAN,

                            Plaintiff,

                -against-

**MEMORANDUM AND ORDER**
15–CV–7442(JMA)(AYS)

SAMUEL EGISH ZAKURIAN, AMY VAN DAM,
MICHAEL MAILLET, FISERV SECURITIES, INC.,
VIGILANT INSURANCE,

                           Defendants.
----------------------------------------------------------------X

**AZRACK, United States District Judge:**

       On December 28, 2015, *pro se* plaintiff Robert H. Ajamian commenced this action against Samuel Egish Zakurian ("Zakurian"), Amy Van Dam ("Van Dam"), Michael Maillet ("Maillet"), Fiserv Securities, Inc. ("Fiserv"), and Vigilant Insurance ("Vigilant") (collectively, "Defendants") purporting to allege claims of securities fraud. Accompanying the complaint is an application to proceed *in forma pauperis*. By Order to Show Cause dated February 10, 2016, plaintiff was ordered to show cause why his complaint is properly venued in the Eastern District of New York. On February 16, 2016, plaintiff responded to the Order to Show Cause (ECF No. 10) and explained that the events described in the complaint occurred in Carle Place, New York. Because Carle Place is located within Nassau County and Nassau County is within the Eastern District of New York (28 U.S.C. § 112(c)), the Court finds that plaintiff's complaint is properly venued in the Eastern District of New York.

       Upon review of the declaration in support of the application to proceed *in forma pauperis*, the Court finds that plaintiff is qualified to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's request to proceed *in forma pauperis* is

granted. However, for the reasons that follow, the Complaint is *sua sponte* dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## **BACKGROUND**[1]

Plaintiff's sparse handwritten complaint is submitted on the Court's general complaint form. Although the allegations are difficult to discern, plaintiff describes that his complaint is for, *inter alia*, "securities fraud [and] boiler room activity." (Compl. ¶ III.A.) Plaintiff alleges that he seeks to invoke this Court federal question subject matter jurisdiction (id. ¶ II.B), and alleges that his claims arise under the "1934 SEC Act for antifraud Insurance must be supeonned they are outside New York State. Other parties as witnesses live outside New York State and must be supponaed." (Id.)

According to the complaint, from 2002 through 2013, Zakurian was the "broker responsible and he fleed country in 2004." In its entirety, plaintiff alleges the follow facts:

> Samuel Egish Zakurian committed boiler room activity securities fraud, churning, excessive margin, unsuitability, unauthorized, breach of contract, breach of New York State common law, 2004 Samuel Egish Zakurian fleed the country went to armenia, Zakurian was found Nov. 2013. Zakurian was a fugitive disentitlement doctrine applies, statutes tolled up to Nov. 2013 28 U.S.C. § 2462, 10(b)5 1934 SEC Act violations. Tony Boncordo was also damaged due to Sam Egish Zakurian buying unsuitable volatile Aid's vaccine stock. Samuel was doing transaction to yield high commissions by selling garbage just to earn high commission by boiler room scams.

(Id. ¶ III.C.) In the space on the complaint form that calls for a description of any injuries sustained, plaintiff alleges: "This was a boiler room and it was done deliberately to fraud people

---

[1] The following facts are taken from Plaintiff's Complaint and are presumed to be true for the purpose of this Memorandum and Order. Plaintiff's allegations have been reproduced here exactly as they appear in the Complaint. Errors in spelling, punctuation, and grammar have not been corrected or noted.

at the SEC discovered in thier investigation. The CEO Gregory Harcho was not allowed to run a stock broker firm since 1997 when the SEC removed his license. Samuel Egish Zakurian was a criminal willing to do anything to make fast money." (Id. ¶ IV.) For relief, Plaintiff seeks to recover a damages award

> . . . of $150,000 "for my damages due to deliberate criminal boiler room activity of Samuel Egish Zakurian from clearing house Fiserv Securities Inc. and Vigilant Insurance Company. 1934 SEC Act prohibits this activity and punishment is due by extriditing Zakurian and charging him for committing this crime a fleeing the country on purpose to avoid prosecution. There is a Keough retirement account and he was suppose to be conservative. This Zakurian does not realize I am a disabled person on a fixed income.

(Id. ¶ V.)

## DISCUSSION

I. *In Forma Pauperis* Application

Upon review of plaintiff's declaration in support of his application to proceed *in forma pauperis*, the Court finds that plaintiff is qualified to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's request to proceed *in forma pauperis* is granted.

II. Standard of Review

Pursuant to the *in forma pauperis* statute, 28 U.S.C. §1915, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the action as soon as it makes such a determination.

*Pro se* submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519,

520 (1972) (*per curiam*); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (*per curiam*) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that *pro se* complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a *pro se* plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

    III.    <u>Pleading Requirements of Rules 8 and 9 of the Federal Rules of Civil Procedure</u>

Rule 8 of the Federal Rules of Civil Procedure requires that a pleading contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8's pleading requirements are intended to give the defendant "fair notice of what the claim is and the grounds upon which it rests." Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346 (2005) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957), <u>overruled in part on other</u>

4

grounds by Twombly, 550 U.S. 544). The United States Supreme Court instructs that Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. A "plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (internal quotation marks and citations omitted).

Because plaintiff's complaint involves allegations sounding in fraud, the complaint must also comply with pleading requirements set forth in Federal Rule of Civil Procedure 9(b). When a complaint alleges fraud, "Rule 9(b) requires that allegations of fraud be pleaded with particularity." Harsco Corp. v. Segui, 91 F.3d 337, 347 (2d Cir. 1996); see also Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."). This means that the complaint "must (1) detail the statements (or omissions) that the plaintiff contends are fraudulent; (2) identify the speaker; (3) state where and when the statements (or omissions) were made; and (4) explain why the statements (or omissions) are fraudulent." Segui, 91 F.3d at 347; see also Lerner v. Fleet Bank, N.A., 459 F.3d 273, 290 (2d Cir. 2006). The policy behind Rule 9(b) is, *inter alia*, "to provide a defendant with fair notice of plaintiff's claim, [and] to safeguard a defendant's reputation from improvident charges of wrongdoing." Acito v. IMCERA Group, Inc., 47 F.3d 47, 52 (2d Cir. 1995) (internal quotation marks and citation omitted).

Rule 8's general pleading requirement and Rule 9(b)'s particularity requirement must be

5

read together.  Ouaknine v. MacFarlane, 897 F.2d 75, 79 (2d Cir. 1990) (stating that "Rule 9(b) . . . . must be read together with Rule 8(a) which requires only a 'short and plain statement' of the claims for relief"); Credit & Fin. Corp. v. Warner & Swasey Co., 638 F.2d 563, 566 (2d Cir. 1981) (same).  These two rules have been read together to mean that a plaintiff need not plead evidentiary details.  See, e.g., In re Scholastic Corp. Sec. Litig., 252 F.3d 63, 72 (2d. Cir. 2001).  However, "[t]o pass muster under rule 9(b), the complaint must allege the time, place, speaker, and sometimes even the content of the alleged misrepresentation."  Ouaknine, 897 F.2d at 79 (citing DiVittorio v. Equidyne Extractive Indus., Inc., 822 F.2d 1242, 1247 (2d Cir. 1987) (additional citation omitted).  Although scienter need not be alleged with great specificity, Beck v. Manufacturers Hanover Trust Co., 820 F.2d 46, 50 (2d Cir.1987), there must be some factual allegations in support of intent.

This pleading standard applies even to *pro se* litigants.  While the special leniency afforded to *pro se* civil rights litigants somewhat loosens the procedural rules governing the form of pleadings, it does not completely relieve a *pro se* plaintiff of the duty to satisfy the pleading standards set forth in Federal Rules of Civil Procedure 8 and 9.  See Vega v. Artus, 610 F. Supp. 2d 185, 196 & n.8–9 (N.D.N.Y. 2009); Wilson v. Dalene, 699 F. Supp. 2d 534 (E.D.N.Y. 2010) (dismissing *pro se* plaintiff's securities fraud claims for failure to comply with Federal Rule of Civil Procedure 9's requirements).

Here, plaintiff's complaint fails to conform to the requirements of Rules 8 and 9.  The complaint does not include allegations against any of the defendants other than Zakurian, and the sparse allegations against Zakurian fail to attribute any specific prohibited act to him, much less any particularized allegations of unlawful conduct.  Accordingly, plaintiff has failed to allege a plausible claim for relief and the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

IV.     Leave to Amend

Given the Second Circuit's guidance that a *pro se* complaint should not be dismissed without leave to amend unless amendment would be futile, Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000), the Court has carefully considered whether leave to amend is warranted here. Upon such consideration, and in an abundance of caution, the Court grants plaintiff leave to file an amended complaint. Given his references to the Securities Exchange Act of 1934 (the "1934 Act"), 15 U.S.C. § 78j(b), plaintiff is advised that a securities fraud claim under the 1934 Act must be brought within two years after discovery of the facts constituting the violation. 28 U.S.C. § 1658(b). The statute of limitations period only begins to run after "a reasonably diligent plaintiff would have discovered the facts constituting the violation, including scienter — irrespective of whether the actual plaintiff undertook a reasonably diligent investigation." Merck & Co. v. Reynolds, 559 U.S. 633, 653 (2010). In addition, as detailed above, a securities fraud claim requires that a "plaintiff must plead that the defendant, in connection with the purchase or sale of securities, made a materially false statement or omitted a material fact, with scienter, and that the plaintiff's reliance on the defendant's action caused injury to the plaintiff." See Ganino v. Citizens Utilities Co., 228 F.3d 154, 161 (2d Cir. 2000) (collecting cases).

Any amended complaint shall be clearly labeled "Amended Complaint" and bear docket number 15-CV-07442(JMA)(AYS) and **be filed with the Court within thirty (30) days from the date of this Order.** Plaintiff's amended complaint will replace his original complaint. Therefore, all claims and allegations plaintiff wishes to pursue must be included in his amended complaint. If plaintiff fails to file an amended complaint within the time allowed, the complaint shall be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and judgment shall enter. If plaintiff timely files an amended complaint it shall be reviewed pursuant to 28 U.S.C. §

7

1915.

## **CONCLUSION**

For the reasons set forth above, plaintiff's application to proceed *in forma pauperis* is granted, however the complaint is *sua sponte* dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). **Plaintiff is granted leave to file an amended complaint within thirty (30) days from the date of this Order.**

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is directed to mail a copy of this Memorandum and Order to the *pro se* plaintiff.

**SO ORDERED**.                    \_/s/ JMA_____
                                    Joan M. Azrack
Dated: April 19, 2016               United States District Judge
       Central Islip, New York