FILED
CLERK

7/19/2016 3:39 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ROBERT H. AJAMIAN,

                    Plaintiff,

       -against-

SAMUEL EGISH ZAKURIAN, AMY VAN DAM,
MICHAEL MAILLET, FISERV SECURITIES, INC.,
VIGILANT INSURANCE,

                    Defendants.
----------------------------------------------------------------X

**MEMORANDUM AND ORDER**
15-CV-7442 (JMA)(AYS)

**AZRACK, United States District Judge:**

       On December 28, 2015, *pro s*e plaintiff Robert H. Ajamian filed an *in forma pauperis* complaint against Samuel Egish Zakurian ("Zakurian"), Amy Van Dam ("Van Dam"), Michael Maillet ("Maillet"), Fiserv Securities, Inc. ("Fiserv"), and Vigilant Insurance ("Vigilant") (collectively, "defendants") purporting to allege claims of securities fraud. By Order to Show Cause dated February 10, 2016, plaintiff was ordered to show cause why his complaint is properly venued in the Eastern District of New York. On February 16, 2016, plaintiff responded to the Order to Show Cause (ECF No. 10) and explained that the events described in the complaint occurred in Carle Place, New York.

       By Memorandum and Order dated April 19, 2016, the Court granted plaintiff's application to proceed *in forma pauperis*, determined that plaintiff's complaint is properly venued in the Eastern District of New York, and *sua sponte* dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) with leave to file an amended complaint. On April 25, 2016, plaintiff filed an amended complaint against the same defendants and alleging the same claims. For the reasons that follow, the amended complaint is *sua sponte* dismissed pursuant to 28 U.S.C.

1

§ 1915(e)(2)(B)(ii) and the Clerk of the Court shall mark this case closed.

**BACKGROUND**[1]

Like the original complaint, plaintiff's handwritten amended complaint is difficult to understand. Although the allegations are difficult to discern, plaintiff describes that his claims are for "violation of the antifraud provisions of the securities laws, the sale of unsuitable securities, common law fraud, and breach of fiduciary duty." (Am. Compl. at 2.) According to the amended complaint, "Zakurian was a registered representative operating from the Carle Place, NY office of Continental Broker Dealer Corp." (Id.) Plaintiff alleges that, in January 2002, he gave Zakurian $1,500 to invest and, in April 2002, he gave Zakurian another $65,000 to invest. (Id. at 3-4.) Although Zakurian "held himself out as a trained and knowledgeable investment professional," who "promised that he could safely and reasonably manage these funds," plaintiff alleges that he learned that Zakurian "3 years prior was a musician [who] made pizza." (Id. at 3, 10.)

According to the amended complaint, Zakurian represented that he would invest plaintiff's funds "in a diversified portfolio of conservative stocks." (Id. at 4.) Plaintiff alleges that although Zakurian properly invested the $1,500 plaintiff gave him and it "grew by $300 in a few weeks," (id.), the remaining funds were used to purchase stocks on margin that plaintiff "was not in full understanding of." (Id.) When plaintiff requested that Zakurian provide information to him concerning these transactions, plaintiff alleges that Zakurian assured him that he, as the investment broker, had "special information" and advised plaintiff that these "securities were

---

[1] The following facts are taken from Plaintiff's Complaint and are presumed to be true for the purpose of this Memorandum and Order.

guaranteed to increase in value." (Id.) Plaintiff claims that these investments did not increase in value, and, in fact, plaintiff suffered losses of $53,000. (Id. at 5.) For relief, plaintiff seeks to recover, *inter alia*, a damages award of $150,000 as well as "lost income under the "well managed theory of recovery." (Id. 15.)

## DISCUSSION

I.   Standard of Review

Pursuant to the *in forma pauperis* statute, 28 U.S.C. §1915, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the action as soon as it makes such a determination.

*Pro se* submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (*per curiam*) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that *pro se* complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a *pro se* plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim

3

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).  The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully."  Id. at 678.  While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  Id. at 678 (quoting Twombly, 550 U.S. at 555).

II.     Pleading Requirements of Rules 8 and 9 of the Federal Rules of Civil Procedure

As the Court made clear in its April 19, 2016 Memorandum and Order, Rule 8 of the Federal Rules of Civil Procedure requires that a pleading contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). Rule 8's pleading requirements are intended to give the defendant "fair notice of what the claim is and the grounds upon which it rests."  Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346 (2005) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957), overruled in part on other grounds by Twombly, 550 U.S. 544).  A "plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555 (internal quotation marks and citations omitted).

Because plaintiff's amended complaint involves allegations sounding in fraud, the pleading requirements set forth in Federal Rule of Civil Procedure 9(b) must also be met.  When a complaint alleges fraud, "Rule 9(b) requires that allegations of fraud be pleaded with particularity."  Harsco Corp. v. Segui, 91 F.3d 337, 347 (2d Cir. 1996); see also Fed. R. Civ. P.

4

9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."). This means that the amended complaint "must (1) detail the statements (or omissions) that the plaintiff contends are fraudulent; (2) identify the speaker; (3) state where and when the statements (or omissions) were made; and (4) explain why the statements (or omissions) are fraudulent." Segui, 91 F.3d at 347; see also Lerner v. Fleet Bank, N.A., 459 F.3d 273, 290 (2d Cir. 2006).

Rule 8's general pleading requirement and Rule 9(b)'s particularity requirement must be read together. Ouaknine v. MacFarlane, 897 F.2d 75, 79 (2d Cir. 1990) (stating that "Rule 9(b) . . . must be read together with Rule 8(a) which requires only a 'short and plain statement' of the claims for relief"); Credit & Fin. Corp. v. Warner & Swasey Co., 638 F.2d 563, 566 (2d Cir. 1981) (same). These two rules have been read together to mean that a plaintiff need not plead evidentiary details. See, e.g., In re Scholastic Corp. Sec. Litig., 252 F.3d 63, 72 (2d. Cir. 2001). However, "[t]o pass muster under rule 9(b), the complaint must allege the time, place, speaker, and sometimes even the content of the alleged misrepresentation." Ouaknine, 897 F.2d at 79 (citing DiVittorio v. Equidyne Extractive Indus., Inc., 822 F.2d 1242, 1247 (2d Cir. 1987) (additional citation omitted). Although scienter need not be alleged with great specificity, Beck v. Manufacturers Hanover Trust Co., 820 F.2d 46, 50 (2d Cir.1987), there must be some factual allegations in support of intent.

This pleading standard applies even to *pro se* litigants. While the special leniency afforded to *pro se* civil rights litigants somewhat loosens the procedural rules governing the form of pleadings, it does not completely relieve a *pro se* plaintiff of the duty to satisfy the pleading standards set forth in Federal Rules of Civil Procedure 8 and 9. See Vega v. Artus, 610 F. Supp.

2d 185, 196, n.8, n.9 (N.D.N.Y. 2009) (citing Second Circuit cases); Wilson v. Dalene, 699 F. Supp. 2d 534 (E.D.N.Y. 2010) (dismissing *pro se* plaintiff's securities fraud claims for failure to comply with Federal Rule of Civil Procedure 9's requirements).

Here, as is readily apparent, plaintiff's amended complaint fails to conform with the requirements of Rules 8 and 9. Like the original complaint, the amended complaint does not include allegations against any of the defendants other than Zakurian, and the sparse allegations against Zakurian fail to attribute any specific prohibited act to him, much less any particularized allegations of unlawful conduct. Accordingly, plaintiff has failed to allege a plausible claim for relief.

III. Prior Litigation and the Statute of Limitations

The Court's research has uncovered a similar lawsuit brought by plaintiff in the Northern District of New York, assigned docket number 14-CV-321, against Zakarian and Continental Broker Dealer Corp. See Ajamian v. Zakarian, 14-CV-321, 2014 WL 4247784 (N.D.N.Y. Aug. 26, 2014). In that case, plaintiff filed an *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") for the alleged violation of his constitutional rights for failing to make conservative, safe investments with plaintiff's funds during the years 2002-2005. Ajamian, 2014 WL 4247784, at *2. Plaintiff also alleged state law claims for breach of fiduciary duty, breach of contract, negligence, criminal misrepresentation, fraudulent concealment, as well as claims under the Securities Exchange Act of 1934, § 10(b), 15 U.S.C. § 78j(b) and Securities and Exchange Commission Rule 10-b5, 17 C.F.R. § 240. (*Id.*)

The Court *sua sponte* dismissed plaintiff's Section 1983 claims because plaintiff did not allege the deprivation of any constitutional right and neither defendant was alleged to be a state actor. See Ajamian, 2014 WL 4247784, at *3. The Court also dismissed plaintiff's securities

6

laws claims, finding that plaintiff's conclusory allegations - - much like those alleged in the present amended complaint - - failed to comply with the pleading requirements of Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation Reform Act of 1995 ("PSLRA"). Id. at *4-5. Moreover, the Court concluded that plaintiff's securities claims are barred by the applicable statute of limitations. Explaining that because "[t]he current limitation period for a securities fraud claim is the earlier of two years from discovery of facts underlying the violation or within five years of the violation," id. at 5 (citing 28 U.S.C. § 1658(b)), plaintiff's allegations of unlawful conduct during the period of 2002-2005 made "clear from the face of the Complaint that plaintiff's claims are barred under the five year statute of limitations." Id.

    A.    *Res Judicata* and *Collateral Estoppel*

Notwithstanding the liberal pleading standard afforded *pro se* litigants, there are limits to how often a court can be asked to review the same allegations against the same parties or their privies. The doctrines of *res judicata* and *collateral estoppel* provide that limitation. *See*, *e.g.*, *Salahuddin v. Jones*, 992 F.2d 447, 449 (2d Cir. 1993) (*res judicata*); *Johnson v. Watkins*, 101 F.3d 792, 794-95 (2d Cir. 1996) (*collateral estoppel*).

*Res judicata*, or claim preclusion, provides that "'[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" St. Pierre v. Dyer, 208 F.3d 394, 399 (2d Cir. 2000) (quoting Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981)); see also *E*DP Med. Computer Sys. v. United States, 480 F.3d 621, 624 (2d Cir. 2007). A district court has not only the power but the obligation to dismiss complaints *sua sponte* on *res judicata* grounds when the litigation history triggers it. Salahuddin, 992 F.2d at 449.

Similarly, "'*collateral estoppel*, like the related doctrine of *res judicata*, has the dual

7

purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation.'" Brandstetter v. Bally Gaming, Inc., No. 11-CV-2594(JFB)(GRB), 2012 WL 4103917, *3 (E.D.N.Y. Sept. 18, 2012) (quoting Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 (1979)). Additionally, a district court may raise the issues of *res judicata* and *collateral estoppel sua sponte*, Doe v. Pfrommer, 148 F.3d 73, 80 (2d Cir. 1998); Pino v. Ryan, 49 F.3d 51, 54 (2d Cir. 1995) ("Nothing . . . suggests that an affirmative defense appearing on the face of a complaint may not be the basis for a *sua sponte* dismissal under section 1915(d) [section 1915(e) as amended] prior to service of the complaint."); and the doctrines of *res judicata* and *collateral estoppel* apply to *pro se* litigants. Austin v. Downs, Rachlin, & Martin Burlington St. Johnsbury, 270 F. App'x 52 (2d Cir. 2008); Cieszkowska v. Gray Line N.Y., 295 F.3d 204, 205-06 (2d Cir. 2002) (affirming district court's *res judicata* dismissal of an *in forma pauperis* action previously dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii)).

Here, as is readily apparent, plaintiff's claims against Zakurian are substantially similar to those alleged in the Northern District and arise out of the same nucleus of facts. Plaintiff's claims against Zakurian were dismissed with prejudice on the merits pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Ajamian, 2014 WL 4247784, at *9; see also Berrios v. N.Y.C. Hous. Auth., 564 F.3d 130, 134 (2d Cir. 2009) ("[D]ismissal for failure to state a claim [under section 1915(e)(2)(B)(ii)] is a final judgment on the merits and thus has *res judicata* effects"); Cieszkowska v. Grayline N.Y., 2001 WL 1131990, at *2-3 (S.D.N.Y. Sept. 24, 2001) (dismissing claim on *res judicata* grounds where prior similar complaint was dismissed pursuant to section 1915(e)(2)(B)(ii)), aff'd, 295 F.3d 204 (2d Cir. 2002). "Once a final judgment has been entered on the merits of a case, that judgment will bar any subsequent litigation by the same parties, or

those in privity with the parties, concerning the transaction or series of connected transactions out of which the first action arose." Manko v. Steinhardt, No. 12-CV-2964, 2012 WL 2367092, *2 (E.D.N.Y. June 20, 2012). That is precisely what has happened here. Accordingly, preclusion bars relitigation of plaintiff's claims against Zakurian set forth in the amended complaint.[1] Accordingly, the amended complaint is dismissed with prejudice 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of the Court is directed to enter judgment and close this case.

## **CONCLUSION**

For the reasons set forth above, the amended complaint is *sua sponte* dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of the Court is directed to enter judgment and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is directed to mail a copy of this Memorandum and Order to the *pro se* plaintiff.

**SO ORDERED**.                                      /s/ JMA
                                                     Joan M. Azrack
Dated:  July 19, 2016                                United States District Judge
        Central Islip, New York

---

[1] Even if plaintiff's claims were not precluded, plaintiff's complaint of conduct alleged to have occurred in 2002 is well outside the applicable statutes of limitation.

9